U.S. MARSHALS
GREENBELT, MD.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2018 OCT 22 PM 4: 25

UNITED STATES OF AMERICA          :

v.                                 :     Criminal No. PX 17-0125

MICHAEL LYNN VAUGHN                :

\_\_\_\_ FILED   \_\_\_\_ ENTERED
\_\_\_\_ LOGGED  \_\_\_\_ RECEIVED

OCT 22 2018

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

******

## MEMORANDUM AND ORDER

Defendant Michael Lynn Vaughn filed a motion for release pending appeal pursuant to 18 U.S.C. § 3143(b). (ECF No. 133). The Government notified the Court of its opposition by e-mail to chambers. No hearing is necessary. For the following reasons, the motion will be denied.

The pertinent statute, 18 U.S.C. § 3143(b)(1), provides that a sentencing judge:

> shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Government does not contend that the Defendant is likely to flee or present a danger, or that the appeal is for the purpose of delay. It does, however, challenge whether the Defendant can show that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, or a sufficiently reduced sentence.

The Defendant will argue on appeal that there insufficient evidence exists to prove that he took any action in his official capacity as Delegate that was influenced by a third party. The Fourth Circuit stated in *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991):

> We adopt the procedure first announced in *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985), and subsequently accepted by every other circuit, *see United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). In applying § 3143(b)(2)[now (1)] the court must make two inquiries after finding that the appeal is not taken for the purpose of delay. First, whether the question presented on appeal is a "substantial" one. Second, if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant. *Miller*, 753 F.2d at 23–24.

The court then adopted the definition of "substantial question" in *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985), which is "a 'close' question or one that very well could be decided the other way." The second prong, as explained in *Miller*, 753 F.2d at 23, is as follows:

> For a similar reason, the phrase "likely to result in reversal or an order for a new trial" cannot reasonably be construed to require the district court to predict the probability of reversal. The federal courts are not to be put in the position of "bookmakers" who trade on the probability of ultimate outcome. Instead, that language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal. A question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved. A court may find that reversal or a new trial is "likely" only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.

The Defendant has not made the required showing. Rather, the Defendant has done little more than to recite, in conclusory terms, a generalized challenge to the sufficiency of the evidence as to the bribery counts. ECF No. 133 at p.3. Such an overbroad contention, without more, does not support release pending appeal.

Alternatively, Defendant requests an extension of his self-surrender date to January 2, 2019, so that he may arrange for other individuals to provide transportation and other caretaking for his parents and brother. Although the Court is sympathetic to the Defendant's family commitments, this does not provide sufficient grounds to support release pending appeal. It also bears noting that Defendant filed this motion while en route to FCI-Lewisburg to self-surrender as directed in his designation, which begs the question as to why the Defendant did not secure such alternatives since his sentencing several weeks ago.

Accordingly, it is this 22nd day of October, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion for continuance of report date pending appeal, or in the alternative, to extend the report date until January 2, 2019, (ECF No. 133) BE, and the same hereby IS, DENIED;

2. The clerk IS DIRECTED to transmit a copy of this Order to counsel and hand-deliver a certified copy to the U.S. Marshal.

/S/
PAULA XINIS
United States District Judge